# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-17-239-M |
| ) | |
| JERRY DRAKE VARNELL, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS BASED ON DESTRUCTION OF EVIDENCE

The United States of America, through Robert J. Troester, Acting United States Attorney for the Western District of Oklahoma, by Mark R. Stoneman, Assistant United States Attorney, moves this Court to deny defendant's Motion to Dismiss Based on Destruction of Evidence (Doc. 107).

The defendant alleges that certain Facebook communication between Mr. Varnell and a Confidential Human Source (CHS-1) "would have been contained on either CHS-1's laptop or computer [or cellphone]." (Doc. 107 at 7). The defendant argues that CHS-1 may have "altered, tampered, edited, or even created the content of the screenshots" that appear to show Mr. Varnell had certain desires or intent to commit the crime for which he was charged. *Id*. The defendant argues that since CHS-1 did not preserve certain electronic evidence of his Facebook communications with Mr. Varnell, "[t]here simply is no other comparable evidence to show Mr. Varnell's lack of previous intent or purpose to violate the law…" *Id*. This argument fails.

## The Law

For destruction of evidence to rise to the level affecting a defendant's Due Process rights, the evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Further, the defendant must show the government acted in bad faith. *United States v. Pearl*, 324 F.3d 1210, 1215 (10th Cir. 2003) (citing *California v. Trombetta*, 467 U.S. 479, 489 (1984) and *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Mere negligence is not sufficient to establish bad faith. *United States v. Parker*, 72 F.3d 1444, 1452 (10th Cir. 1995).

The Tenth Circuit in *Pearl*, examined a defense claim that the government deleted e-mail messages and discarded a computer hard drive relevant to the case. *Pearl*, 324 F.3d at 1214. The Tenth Circuit in Pearl found that the defendant "utterly failed in his motion… All or virtually all of the deleted e-mail messages contained on the damaged and discarded hard drive were contained on another drive…thereby failing to satisfy the 'unable to obtain comparable evidence by other reasonably available means' aspect of *Trombetta* analysis. Furthermore, there was no evidence that the detective acted in bad faith. The loss of the e-mail messages and hard drive was, at worst, the product of negligence." *Pearl*, 324 F.3d at 1215, citing *Parker*, 72, F.3d at 1452.

## Argument

The defendant's arguments fail. Assuming, as Mr. Varnell claims, that CHS-1's electronic devices would have contained Facebook messages with Mr. Varnell; those messages are available to Mr. Varnell in three other reasonably available means. First,

the government provided an image of Mr. Varnell's own laptop computer to the defendant. Second, the government provided an image of Mr. Varnell's own cellphone to the defendant. And third, the government provided a copy of Mr. Varnell's Facebook account records. To the extent Mr. Varnell's Facebook conversations were on CHS-1's electronic devices, those conversations are also contained in the laptop computer image, cellphone image, and Facebook records the government has provided to Mr. Varnell. The facts of this case virtually mirror those of *Pearl*. To the extent communications between Mr. Varnell and CHS-1 were encrypted, they would have been encrypted on all devices. To the extent that CHS-1 knew decryption keys, those same keys would have been known by Mr. Varnell as well. And just as in *Pearl*, Mr. Varnell also has not shown that the failure to preserve CHS-1's electronic devices amounted to more than mere negligence. For all these reasons, Mr. Varnell has failed to show that any evidence the government may not have preserved is unavailable to him by other reasonable means. Mr. Varnell has further failed to meet his burden of proving the government acted in bad faith. For all these reasons, his argument fails.

## Conclusion

For the reasons stated above, this Court should deny the defendant's Motion to Dismiss.

                    Respectfully submitted,

                    ROBERT J. TROESTER
                    Acting United States Attorney


                    s/ Mark R. Stoneman
                    MARK R. STONEMAN
                    Assistant U.S. Attorney (OBA 22730)
                    210 Park Avenue, Suite 400
                    Oklahoma City, Oklahoma   73102
                    (405) 553-8782 (Office)
                    (405) 553-8888 (Fax)
                    Mark.Stoneman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Marna Franklin and Laura Deskin, attorneys for Mr. Varnell

                    s/ MARK R. STONEMAN
                    Assistant U.S. Attorney