# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-17-239-M |
| | ) |
| JERRY DRAKE VARNELL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are defendant's Motion to Suppress Facebook Search Warrant and defendant's Motion to Suppress Search Warrant of 18631 E. 1220 Rd., Sayre, Oklahoma, both filed April 2, 2018. On May 10, 2018, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

Defendant is charged by Superseding Indictment with attempted use of an explosive device and attempted use of a weapon of mass destruction (an explosive or incendiary bomb). Evidence to support these charged offenses was seized pursuant to a search warrant for the Facebook account "associated with the Facebook user Jerry Varnell, Facebook ID no. 100000485040364, www.facebook.com/jerry.varnell.9", signed September 12, 2017 ("Facebook warrant"), and a search warrant for "18631 E. 1220 Rd., Sayre, Oklahoma, with access and control of a camper trailer, bunker, and all outbuildings, vehicles, and curtilage", signed August 9, 2017 ("Sayre warrant"). Defendant now moves to suppress the evidence seized pursuant to these warrants.

I.   *Franks v. Delaware* Challenge

In both of his motions to suppress, defendant relies upon *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the affidavits in support of the search warrants and the findings of probable cause. Specifically, defendant asserts that the affidavits contain false statements and

omissions and that the United States Magistrate Judge who issued the warrants would have reached a different probable cause determination if he had been fully informed of the true facts. Defendant contends that the affidavits for the search warrants made omissions with reckless disregard regarding: (1) the true nature and extent of the FBI Confidential Human Source's ("CHS") criminal history, (2) the CHS' mental health history, (3) the CHS' substance abuse history, (4) the agreement FBI Special Agent Martin made with the CHS for his cooperation, and (5) the actual lack of effort of corroboration conducted to determine the CHS' reliability.

"When reviewing a magistrate's finding of probable cause for the issuance of a search warrant, [a court] must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." *United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999)(internal quotations and citations omitted). The magistrate's determination is entitled to "great deference" and the reviewing court inquires only "whether the issuing magistrate had a 'substantial basis' for determining probable cause existed." *Id.* (internal quotations and citations omitted).

Additionally, regarding allegations of false statements and omissions within an affidavit supporting a search warrant, the United States Supreme Court has held:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today

>       is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).

Having carefully reviewed the affidavits, the Court finds that even if the alleged omissions regarding the credibility of the CHS are included and any information provided by or relating to the CHS that is not based on an audio or video recording is discounted and not considered, there remains sufficient content in the affidavits to support a finding of probable cause and, thus, no hearing is required. Specifically, the Court finds that the affidavits contain information regarding an undercover FBI employee's ("UCE") contacts and meetings with defendant. The affidavits state that during these contacts and meetings, defendant discussed a desire to detonate an explosive device at a building somehow connected to the government and told the UCE that he had previously constructed homemade explosives. Further, the affidavits state that defendant communicated with the UCE in person, via text message, Facebook Messenger, cellular phone, and utilized TextLock. The affidavits also state that the UCE had personally visited defendant's residence in Sayre. Additionally, defendant attempted to carry out the very act for which he was being investigated while being recorded and participating with the UCE. Finally, a portion of the information regarding the CHS' contacts with defendant were corroborated by audio and/or video recordings of the contacts.

Accordingly, the Court finds that the information regarding the UCE contacts with defendant and the audio and/or video recordings of the CHS' contacts with defendant provide sufficient probable cause to search defendant's Facebook account and the Sayre residence.

II.     Whether the Facebook warrant was overbroad

Defendant asserts that the Facebook warrant was overboard. Specifically, defendant contends that the information sought is far broader than the claims in this case and is untethered to the crime being investigated, and the warrant did nothing to constrain the government's discretion in searching or seizing information, as revealed by the sheer volume of Facebook records disclosed to the defense. Defendant further contends that the warrant should have been limited to communications and messages.

Having carefully reviewed the parties' submissions, and based upon the totality of the circumstances, the Court finds that the Facebook warrant was not overbroad. Specifically, the Court finds that it is reasonable to believe that defendant communicated with others online, unknown to the FBI, and that defendant conducted some of his research through Facebook. Further, the Court finds that the time and location of defendant when the Facebook account is accessed can corroborate evidence and beliefs of the agents concerning defendant's actions during the investigation and reveal other electronic devices that might have been utilized in the crime. Additionally, defendant has placed his state of mind at issue, particularly in light of the statement given by defendant's guardians, and the Court finds that the information sought from Facebook could provide evidence regarding defendant's state of mind, including evidence regarding defendant's mental state since the alleged onset of his mental health issues, and his predisposition to commit the crime.

Accordingly, the Court finds that the evidence obtained through the Facebook search warrant should not be suppressed on the basis that the warrant was overbroad.

III.  Scope of the Sayre warrant

Defendant asserts that there was no probable cause established in the affidavit to the Sayre warrant that the residence, outbuildings, or vehicles located at 18631 E. 1220 Road, Sayre, Oklahoma would contain evidence of any crime, contraband, fruits of crime, other items illegally possessed, or property designed for use, intended for use, or used in committing a crime in violation of 18 U.S.C. § 844(i).  Having carefully reviewed the parties' submissions, including the affidavit for the Sayre warrant, the Court finds that the affidavit provides probable cause for the search of all buildings and vehicles.  Specifically, the Court finds that the affidavit provides sufficient information to conclude that defendant had access to the residence, the outbuildings, and vehicles and that evidence of the crime being investigated could be located in the residence, outbuildings, and vehicles.  The affidavit details that in April, defendant was living in the main house, and when he was staying in the travel trailer near the main house, he still had access to the main house.  Further, the affidavit further references the "bunker" and the new house under construction and that defendant took the CHS to these buildings.

Accordingly, the Court finds that any evidence obtained from the residence, outbuildings, or vehicles should not be suppressed.

IV.     Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Suppress Facebook Search Warrant [docket no. 101] and defendant's Motion to Suppress Search Warrant of 18631 E. 1220 Rd., Sayre, Oklahoma [docket no. 104].

**IT IS SO ORDERED this 17th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE