IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-17-239-M |
| ) | |
| JERRY DRAKE VARNELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion to Dismiss Based on Destruction of Evidence, filed April 2, 2018. On April 30, 2018, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Background

Defendant is charged by Superseding Indictment with attempted use of an explosive device and attempted use of a weapon of mass destruction (an explosive or incendiary bomb). In the affidavit in support of the Complaint [docket no. 1], Special Agent Eric Larson states that on December 21, 2016, an FBI Confidential Human Source ("CHS") voluntarily provided to the FBI information that defendant was aspiring to bomb the Federal Reserve Building in Washington D.C. in a manner similar to the Oklahoma City bombing. Agent Larson further states that CHS began cooperating with the government in January 2017, when he/she was interviewed by law enforcement agents.

During the January interview, CHS stated that he and defendant communicated primarily through Facebook Chat, ultimately using encryptions which could not be viewed to a casual onlooker. CHS further stated that keys were developed for both of them to use when reading each other's communications, and CHS allegedly provided the known keys for both he and defendant.

CHS also stated that he had most of the conversations between himself and defendant saved to his laptop computer and cell phone that was at that time in his parents' custody and CHS agreed to provide the devices for a mirror image to be made at a later time. During this interview, CHS further indicated that he had "screenshots" of decrypted conversations, and CHS was advised that a mirror of the devices is preferred because screenshots could be altered or edited. Ultimately, CHS provided screenshots of four conversation strings he allegedly had with defendant; however, it appears no mirror of CHS' devices was made, or if made, has been destroyed.

Additionally, pursuant to the execution of a warrant of an account believed to be defendant's from Facebook, Agent Larsen conducted an analysis of messages on January 16, 2018. According to Agent Larsen, the screenshots previously provided by CHS were unable to be decoded using the password keys previously provided by CHS. The experience of Agent Larsen was that the TextLock app appeared to be unreliable and inconsistent in its decoding process. Further, Agent Larsen's TextLock analysis report reflects that the majority of TextLock messages sent by CHS to defendant were unable to be decoded.

II.     Discussion

Defendant asserts that the evidence, or lack thereof, contained on CHS' laptop and cell phone is now unavailable to defendant and he is, therefore, not able to present this exculpatory evidence at trial to support his entrapment defense by showing his lack of previous intent or purpose to violate the law prior to CHS working with the government and building a case against him. Defendant further asserts that if defendant had Facebook messaged CHS the content that corresponded with the alleged screenshots, the evidence to establish that CHS had not altered, tampered, edited, or even created the content of the screenshots would have been contained on either CHS' laptop computer or phone. Defendant asserts that there simply is no other comparable

evidence to show defendant's lack of previous intent or purpose to violate the law other than actual images from CHS' electronic devices. Finally, defendant asserts that his testimony alone is not comparable evidence to show his lack of intent.

The United States Supreme Court's opinions in *California v. Trombetta*, 467 U.S. 479 (1984) and *Arizona v. Youngblood*, 488 U.S. 51 (1988) govern exculpatory evidence no longer in the government's possession.

> For police destruction of evidence to rise to the level of affecting a defendant's Due Process rights under *California v. Trombetta*, the evidence "must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In addition, . . . the defendant must show that the government acted in bad faith. *Youngblood*, 488 U.S. at 58, 109 S.Ct. 333.

*United States v. Pearl*, 324 F.3d 1210 (10th Cir. 2003).

Having carefully reviewed the parties' submissions, the Court finds that the government's failure to mirror image CHS' electronic devices, or destruction of such mirror image, does not affect defendant's Due Process rights. Specifically, the Court finds that defendant has not shown that he would be unable to obtain comparable evidence by other reasonably available means. The government has provided an image of defendant's own laptop computer and an image of defendant's own cellphone to defendant. The government has also provided a copy of defendant's Facebook account records. To the extent defendant's Facebook conversations were on CHS' electronic devices, those conversations would also be contained in the laptop computer image, the cellphone image, and the Facebook records. Additionally, to the extent the communications between defendant and CHS were encrypted, they would have been encrypted on all devices, and to the extent that CHS knew the decryption keys, those same keys would have been known by

defendant as well. Thus, the Court finds that defendant is able to obtain comparable evidence by other reasonably available means.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Based on Destruction of Evidence [docket no. 107].

**IT IS SO ORDERED this 18th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE