# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | **No. CR-17-239-M** |
| | ) | |
| **JERRY DRAKE VARNELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION TO CONTINUE TRIAL

Comes now the plaintiff, United States of America, by Robert J. Troester, Acting United States Attorney for the Western District of Oklahoma, Matt Dillon and Mark Stoneman, Assistant United States Attorneys, and the Defendant by Marna Franklin, Vicki Behenna, and Laura Deskin, counsel for Defendant, and move this Court for an order continuing this matter from the July 2018 trial docket to a later docket. The government specifically requests the Court continue the trial to at least the November 2018 trial docket. In support of this motion, the parties inform the Court as follows:

1.         On October 17, 2017, a Grand Jury returned a one-count indictment charging Mr. Varnell with attempted use of an explosive device, in violation of 18 U.S.C. § 844(i). (Doc. 56) On November 21, 2017, Defendant was arraigned before Judge Bernard M. Jones and was remanded to the

custody of the U.S. Marshals and jury trial was set for January 9, 2018. (Doc. 64)

2.       A Joint Motion to Continue Trial was filed on January 2, 2018 requesting the trial be continued to the May 2018 trial docket. (Doc. 79) The motion was granted, in part, and trial was continued to the March 2018 jury trial docket. (Doc. 80)

3.       On February 20, 2018, Mr. Varnell filed an unopposed motion requesting that the trial be continued from March 2018 trial docket to May 15, 2018 trial docket due to outstanding discovery issues. (Doc. 95). The motion was granted on February 26, 2018, and the case was set on the May 2018 trial docket. (Doc. 97)

4.       Subsequently, a Grand Jury returned a two-count Superseding Indictment on April 17, 2018, charging Mr. Varnell with attempted use of an explosive device, in violation of 18, U.S.C. § 844(i) and a second count of attempted use of a weapon of mass destruction, in violation of 18, U.S.C. § 2332(a). (Doc. 121). On April 23, 2018, Mr. Varnell was arraigned on the Superseding Indictment and pleaded not guilty. Jury trial was set for Tuesday May 8, 2018. (Doc. 129).

5.       On April 25, 2018, pursuant to a joint motion by the government and the Defendant, this Court declared this case a complex case

for purposes of 18 U.S.C. § 3161(h)(7)(B)(ii) and continued the trial to the July 2018 trial docket.  (Doc. 130).

6.          On June 13, 2018, this Court granted Mr. Varnell's Motion for Leave to File Rule 12.2(b) Notice out of Time, noting the parties agreed jointly to request a continuance of trial if necessary.  (Doc. 152).

7.          On June 13, 2018, Mr. Varnell filed his Notice of Expert Evidence of a Mental Condition.  (Doc. 154).

8.          On June 19, 2018, counsel for Mr. Varnell provided counsel for the government with a redacted psychological report, a *curriculum vitae* of the expert witness Mr. Varnell intends to call at trial, and a letter summarizing anticipated testimony of the expert witness.  The redacted report is dated June 4, 2018 and indicates it is based in part on evaluations conducted by the expert as early as August 2017.  Counsel for both parties are attempting to come to an agreement on what (if any) additional materials relevant to the redacted report counsel for the defense may need to provide the government.

9.          The government intends to consult with another expert regarding the contents of the Defendant's redacted report and intends to seek, among other things, an independent evaluation of Mr. Varnell regarding certain claims contained in the redacted report.  The government cannot accomplish this in time for the July 2018 jury docket.  The government submits that they need at least until the November 2018 jury docket.  This is based in

part on the amount of time the Defendant's expert has had to evaluate Mr.

Varnell and review reports and documents to which the government still does

not have access. The government's expert will need time to review the

voluminous discovery already available in this case in addition to materials yet

unknown in size detailed in the Defendant's expert report. Since many of the

records referenced in the Defendant's expert report have not yet been provided

to the government, the parties need additional time to potentially litigate

discovery and admissibility issues related to the expert report if the parties

cannot come to an agreement on those matters.

10. The government has recently discovered new relevant

evidence of interest to both parties in this case. The new evidence consists of

approximately 165 GB of data as well as over 200 pages of documents. The

government has been working diligently to deliver this evidence to counsel for

Mr. Varnell. Counsel for the defense cannot reasonably evaluate the new

evidence in time for the July 2018 jury docket.

11. Parties are requesting a continuance for the following

reasons:

    a. This Court granted Defendant's Motion for Leave to File

    Rule 12.2(b) Notice Out of Time;

    b. The government is working to deliver newly discovered

    evidence to defense counsel;

c.     parties believe the trial could take two full weeks; and

d.     both parties need more time to adequately prepare.  The United States and counsel for the Defendant have, and will continue to, exercise due diligence in trial preparation in this case.

12.         The parties assert that based upon the plain language contained in 18 U.S.C. § 3161, the request for a continuance on the grounds stated constitute prima facie excludable time.  In light of *Bloate v. United States*, 130 S. Ct. 1345 (2010), and *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009), these interests outweigh the interests of the public or the Defendant in the conduct of a speedy trial.  As detailed in *Bloate*, at 1355-56:

> Congress twice recognized the importance of adequate pretrial preparation time.  See § 3161(h)(7)(B)(ii) (requiring the district court to consider whether the "unusual" or "complex" nature of a case makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" (emphasis added)); §3161(h)(7)(B)(iv) (requiring a district court to consider in other cases "[w]hether the failure to grant such a continuance…would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (emphasis added).

The Supreme Court further explained at 1357-58:

> Neither are district courts forced to choose between rejecting a defendant's request for time to prepare pretrial motions and risking dismissal of the indictment if preparation time delays the trial.  Instead, a district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based

5

on recorded findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Subsection (h)(7) provides "[m]uch of the Act's flexibility,"

13.      The parties state that based on the foregoing, it is reasonable, necessary, and proper to extend time to complete a proper investigation of the defenses available to the Defendant, respond to the Defendant's Notice of Expert Evidence, and if necessary, file substantive pre-trial motions in this matter to the limited extent that they relate to the Defendant's Notice of Expert Evidence and the government's new evidence. The parties submit that the statutes and case law support that this Court has the discretion to enter the requested Order upon its findings that the ends of justice warrant and are served, and that such actions outweigh any generic public interest in a speedy trial held on the July 2018 jury docket.

## MEMORANDUM IN SUPPORT

A trial court may exclude any period resulting from a continuance beyond the primary limits of the Speedy Trial Act [18 U.S.C. §3161 *et seq.*] on a finding that the "…ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. §3161 (h)(8)(A).  In granting a continuance under this subsection the Court must consider the statutory factors specified in 18 U.S.C. § (h)(8)(B).  These factors include: (1) whether a failure to grant the continuance would likely

make a continuation of the proceedings impossible, or result in a miscarriage of justice; (2) whether the case is so unusual or complex, due to the number of defendants, nature of the prosecution or the existence of novel questions of law or fact, that it is unreasonable to expect adequate preparation for the pretrial proceedings or the trial itself within the time limits established by § 3161. The statute further states that for the time to be excludable the court must set forth, either orally or in writing, its reasons for finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. *United States v. Guerrero*, 667 F.2d 862, 867 (10th Cir. 1981); *United States v. Perez-Reveles*, 715 F.2d 1348, 1350-51 (9th Cir. 1983).

In *United States v. Clark*, 717 F.3d 790, 821 (10th Cir. 2013), the Court reviewed a Speedy Trial Act challenge where the government filed an unopposed motion to declare the case complex and continue the trial date based on massive pending discovery and complex legal issues. The district court granted the motion, stating:

> The substantial volume of discovery supports the government's argument that this case is unusually complex and, with counsel exercising due diligence, will require more than 70 days provided by the Act for the parties to prepare for trial. It would not be reasonable to expect defense counsel to review the voluminous evidence, prepare pretrial motions, and adequately represent their clients at trial in less than 70 days. Failure to treat this case as a complex case would deny counsel for all parties time to prepare,

and this consideration outweighs defendant's interest in a speedy trial.

… While a speedy trial of criminal cases serves the public interest, it does not benefit the public if a complex criminal case is rushed and a miscarriage of justice results. Given the complex nature of these proceedings, the ends-of-justice served by treating this as a complex case outweigh the public's interest in a speedy trial.

Clark, at 821-822.

Upon review, the Court was not persuaded by the Speedy Trial Act challenge, finding that the "district court properly struck the ends-of-justice balance to justify the continuance of the trial date." *Id*. at 823.

Here, the factors of this case equally support a finding that the case is complex and the necessity for an ends-of-justice continuance of the trial date. There has been a voluminous amount of discovery produced. This case has involved issues with mental health and competency, hundreds of hours of audio and video recordings, encrypted records, voluminous electronic data as well as over 28,000 pages of discovery.

## CONCLUSION

For these reasons, the parties respectfully request this Court to find that the ends-of-justice outweigh the speedy trial factors stated above, that the delay tolls the speedy trial prohibitions, that the delay is necessary in the exercise of due diligence of both parties, and that it best serves the interest of justice. Both parties request the Court continue the trial date for Mr. Varnell

from the July 2018 trial docket, and the government requests the Court to

continue the trial to at least the November 2018 trial docket.

Respectfully,

ROBERT J. TROESTER
Acting United States Attorney

s/ MARK STONEMAN
MARK STONEMAN (Okla. Bar #22730)
Assistant United States Attorneys
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Mark.Stoneman@usdoj.gov

s/ MARNA FRANKLIN
MARNA FRANKLIN, OBA #17148
Franklin Law Firm, P.C.
620 N. Robinson, Suite 203
Oklahoma City, Oklahoma  73102
Phone: (405) 239-2726
Fax: (405) 605-2284
mfranklin@demandproof.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Marna Franklin
Vicki Behenna
Laura Deskin
Matt Dillon

s/ MARK STONEMAN
Assistant United States Attorney

9