# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| -vs-       ) | No. CR-17-239-M |
| ) | |
| JERRY DRAKE VARNELL,       ) | |
| ) | |
| Defendant.       ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW the plaintiff, United States of America, by Robert J. Troester, Acting United States Attorney for the Western District of Oklahoma, through Matt Dillon, Assistant United States Attorney, and requests the Court deny the Defendant's motion to turn over contact information for certain witnesses (Doc. No. 155).

The Defendant has requested the complete names, dates of birth, and addresses for CHS-1, Haley Michelle Hendell, Phelecia Murrison, Rhiannon Morrison, John Doe, and "Mike Smith." *Id*.  The Defendant states that numerous efforts by defense investigators to locate and interview these witnesses have been unsuccessful.  The Defendant additionally claims that access to these witness, "especially CHS-1, is crucial" to his preparation and right to a fair trial.

DISCUSSION

1. CHS-1

The Government has turned over all statements made by CHS-1 to the Defendant and by the Defendant to CHS-1 that it has in its possession and is aware of at this time, and will continue to do so as it becomes aware of any additional discovery. This includes the Government's obligations pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Defendant has stated to counsel for the Government and submitted in pleadings that she has spoken with CHS-1, that she is aware of his identity, that he has been interviewed by a defense investigator, and that CHS-1 sent a recording to the defense that CHS-1 claimed to be an authentic recording of a conversation he made during his contact with the Federal Bureau of Investigation (hereinafter "FBI") (Doc. No. 101). The Defendant has filed exhibits that contain this individual's date of birth and social security number (Doc. Nos. 101-4, 101-9). As the Defendant notes, the Government is under no obligation to provide an address for a witness pursuant to Rule 16 (Doc. No. 155). However, the Government does not have a current address for CHS-1. Despite the Defendant's claim, the Government has done nothing to "keep his location a secret." *Id*.

2. Haley Michelle Hendell

Ms. Hendell's original statement to law enforcement have been provided to the Defendant as noted in his motion. *Id*. Ms. Hendell's full name appears to be known to the Defendant. Additionally, Ms. Hendell told FBI Special Agent (hereinafter "SA") Eric Larsen that approximately two weeks ago she was contacted by a man she believed to be an investigator for the Defendant' attorney. Ms. Hendell could not remember his name.

2

Ms. Hendell answered questions for this investigator concerning her relationship with the Defendant and facts concerning this case.

    3.  Phelecia Murrison

Ms. Murrison's full name was provided in discovery on January 3, 2018, along with a transcript of her previous testimony. The Government has done nothing to restrict the Defendant's access to this witness. "The Supreme Court has established that no *constitutional* right to pretrial discovery of witnesses exists in non-capital cases." *United States v. Nevels*, 490 F.3d 800, 803 (10th Cir.2007), citing *Weaherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

    4.  Rhiannon Morrison

Ms. Morrison's full name was provided in discovery on January 3, 2018, along with a transcript of her previous testimony. The Government has done nothing to restrict the Defendant's access to this witness. "[A] defendant in a non-capital case has no constitutional right to discover lists of prospective Governmental witnesses…[t]he Court accordingly agrees with the Government that it has no obligation to produce the name and last known address of its prospective witnesses at this time." *United States v. Garrison*, 147 F.Supp.3d 1173, 1185 (10th Cir.2015).

    5.  John Doe

John Doe has not been determined to be a trial witness by the Government at this time. "Due to the strong public interest in furthering law enforcement, the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." *United States v. Mendoza-*

3

*Salgado*, 964 F.2d 993, 1000 (10th Cr. 1990). A limitation to the privilege arises where "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States*, 353, U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). "The need for disclosure depends on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Mendoza-Salgado*, 964 F.2d at 1000 (quotations omitted). The defendant has the "burden of demonstrating a need for disclosure." United States v. Martinez, 979 F.2d 1424, 1426 (10th Cir.1992).

The Government submits that John Doe's statements offer no exculpatory value. The Defendant has failed to meet their burden and demonstrate any need for the privilege to be violated.

    6. "Mike Smith"

"Mike Smith" is not anticipated to be a witness for the Government at trial. Statements between Mike Smith and the Defendant have been provided in discovery. "It is settled law in this circuit that, in the absence of a statutory or constitutional requirement, ... there [is no] requirement that the government disclose its witnesses in any manner, except in a case where trial is for treason or other capital offense." United States v. Baca, 494 F.2d 424, 427 (10th Cir.1974) (permitting government to conceal the name of an informant until trial); see also *United States v. Sturmoski*, 971 F.2d 452, 458 (10th Cir.1992) (finding no prejudice from an undisclosed government witness); Moore's Federal Practice § 616.02[3][a] ("[A] defendant in a noncapital case has no absolute right to obtain

the names of government witnesses before trial."). As previously discussed, the Defendant has failed to make any showing that there is a need to disclose the identity of this witness.

## CONCLUSION

The Defendant has failed to show a need for any exception as to require the Court to order the Government to provide the full names, date of births, or address of these particular witnesses. In some instances, it appears the Defendant already has this information or has in fact spoken to some of the witnesses. In others, the Government does not know the location of one witness and does not anticipate calling two others as witnesses at this time. The Defendant has the burden of showing that his need outweighs the public interest in protecting the governmental privilege and he has failed to do so.

WHEREFORE, plaintiff respectfully requests the Court deny the Defendant's motion to compel discovery.

Respectfully submitted,

ROBERT J. TROESTER
Acting United States Attorney


s/ MATT DILLON
MATT DILLON (Okla. Bar #19321)
Assistant United States Attorneys
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Matthew.Dillon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Marna Franklin, Vicki Behenna, and Laura Deskin, attorneys for Mr. Varnell.

                                                s/MATT DILLON
                                                Assistant U.S. Attorney