# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-239-M |
| ) | |
| JERRY DRAKE VARNELL, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS COUNTS IN THE INDICTMENT
## OR IN THE ALTERNATIVE MOTION TO HAVE THE UNITED STATES
## ELECT TO PROSECUTE DEFENDANT ON EITHER COUNT ONE OR COUNT
## TWO DUE TO MULTIPLICITY OF COUNTS
## and BRIEF IN SUPPORT

The defendant, Jerry Drake Varnell, through his attorneys of record, Marna Franklin and Vicki Zemp Behenna, moves this court to dismiss counts in the Superseding Indictment against the defendant or, in the alternative, to require the United States to elect either count 1 or count 2 to proceed to trial against the defendant, because the counts as alleged are multiplicitous. Counsel, in preparing the jury instructions, observed that the essential elements of count 1 – Attempted Use of an Explosive Devise in violation of 18 U.S.C. §844(i), are the same as the essential elements of count 2 - Attempted use of a Weapon of Mass Destruction in violation of 18 U.S.C. §2332a. Because the defendant faces the possibility of being punished twice for the same behavior, a count in the Superseding Indictment should be dismissed or, alternatively, the United States should be required to

elect either count 1 or count 2 to prosecute defendant and dismiss the remaining count with prejudice.

### Brief in Support

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb, . . ." U.S. Const. amend. V. The Tenth Circuit has determined that the Fifth Amendment protects individuals not only from "successive prosecutions, but also [from] successive punishments for the same offense. *United States v. Morris,* 247 F.3d 1080, 1083 (10th Cir. 2001).

Multiplicitous counts occur when "multiple counts of an indictment . . . cover the same criminal behavior." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006). "While multiplicity is not fatal to an indictment, it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime." *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992).

To determine if counts are multiplicitous, courts conduct a two-step analysis: "a person may be prosecuted for more than one crime based on the same conduct: 1) if each crime requires proof of a fact that the other does not. . ." *United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000). This is the double jeopardy test outlined by the Supreme Court in *Blockburger v. United States*:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. 299, 304 (1932).  *See also, United States v. Ganadonegro,* 854 F. Supp. 2d 1068, 1077 (D.N.M. 2012).

The second step in the analysis when multiplicitous counts have been charged, is to determine:   "2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." Patterson, 203 F.3d 1267-68.  Each test will be addressed below.

**1. <u>Blockburger</u>**

Count 1 charges the defendant with violating 18 U.S.C. §844(i).  Specifically, it is alleged the defendant "maliciously attempted to damage or destroy, by means of fire [or] an explosive, a building and real property used in interstate [or] foreign commerce . . ." The Superseding Indictment identifies the building or real property as the "BancFirst office building at 101 N. Broadway, Oklahoma City, Oklahoma."  Count 1 alleges the conduct occurred between August 11, 2017 and August 12, 2017.

To convict a defendant of violating 18 U.S.C. §844(i), the government must prove the following essential elements beyond a reasonable doubt:  1) the defendant used an explosive to damage or destroy, or in an attempt to damage or destroy property; 2) the property was used in or affecting interstate or foreign commerce; and 3) the defendant acted maliciously.  *United States v Tolliver*, 730 F.3d 1216, 1223 (10th Cir. 2013).

Count 2 charges, "without lawful authority, [the defendant] did knowingly attempt to use a weapon of mass destruction, namely, a destructive device as defined in Title 18, U.S.C. §921, to wit, an explosive or incendiary bomb, against any person *and property*

within the United States." Again, the Superseding Indictment identifies the property as the "BancFirst office building at 101 N. Broadway, Oklahoma City, Oklahoma," and further that "the property was used in interstate and foreign commerce . . ." As with count 1, the conduct alleged in count 2 occurred between August 11, 2017 and August 12, 2017.

To convict a defendant of violating 18 U.S.C. §2332a, the government must prove the following essential elements beyond a reasonable doubt:  1) the defendant knowingly used, or attempted or conspired to use, a weapon of mass destruction, 2) the defendant knowingly did so against any property within the United States; and 3) such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce.[1]  *United States v. McVeigh*, 153 F.3d 1166, 1194 (10th Cir. 1998).  A destructive device is defined as "any explosive . . . bomb. . ." 18 U.S.C. §921(4)(A).

The incident that occurred between August 11 and August 12, 2017 is the same act or transaction that is the subject of both count 1 and count 2. The elements of 844(i) and 2332a, as identified in the Superseding Indictment, are exactly the same.  They both prohibit the use of an explosive to damage or attempt to damage property, i.e. the BancFirst office building; both counts allege the BancFirst office building was used in or affected interstate or foreign commerce; and each count alleges the requisite men's rea.

In *United States v. McVeigh*, 940 F.Supp. 1571, 1583 (D. Colo. 1996), the defendants moved to consolidate count 2 and 3 of the indictment, believing the counts were multiplicitous.  They argued that count 3, which charged the defendants with the

---

[1] It should be noted that the Fifth Circuit in *United States v. Johnie Wise and Jack Grebe, Jr., 221 F.3d 140 (5th Cir. 2000)* held that the phrase "without lawful authority" in §2332a "is an exception that modifies the term 'person'; as such, it constitutes an affirmative defense rather than an essential element."

"Destruction of a Building by Explosives" in violation of 18 U.S.C. §844(f), was identical to the "use of a weapon of mass destruction" in violation of 18 U.S.C. §2332a charged in count 2. The court reviewed the factual allegations and determined the counts were not multiplicitous.

The court found that count 2 charged a violation of §2332a, the use of a weapon of mass destruction *against people*, whereas count 3 charged the "malicious destruction, by an explosive, of *real and personal property owned and used by the United States*." *Id.* The charges were separate and distinct offenses with separate elements.

The Superseding Indictment in this case charged the defendant with attempting to use a "weapon of Mass Destruction" not just against *people*, but instead against "*any person and property.*" The property is specifically identified as the BancFirst office building - the same BancFirst office building described in count 1. While it is not improper for the government to charge a crime in the conjunctive, in this case where the defendant has already been charged with attempting to destroy the BancFirst office building, it creates a situation where he is being charged twice for the same incident.

It appears the government sought to include a violation of 18 U.S.C. §2332a in the Superseding Indictment, merely to increase the punishment defendant would face if convicted, because there was never any attempt to injury people, nor was it likely. No discovery has been provided that the defendant intended to hurt anyone at BancFirst by placing an inert bomb, at the direction and assistance of the FBI, outside of the BancFirst office building in the early morning hours of August 12, 2017. To the contrary, the

government knew the defendant specifically said that he did not want to hurt anyone, and no evidence has been provided that would dispute that fact.

Count 1 and count 2 charge the defendant with attempting to destroy the BancFirst office building, a building used in interstate or foreign commerce, with an explosive. The counts are multiplicitous. The prejudice to the defendant, to proceed to trial on the Superseding Indictment as written, is substantial as multiple charges create the impression the defendant engaged in more criminal activity than actually occurred.

### 2. Congressional history

The Congressional history for 18 U.S.C. §844(i) and 18 U.S.C. 2332a, contains no legislative intent to impose cumulative punishment for the same conduct under these two different statutory provisions.

The Tenth Circuit has also held that the "commission of a substantive offense and a conspiracy to commit it are separate crimes because the essence of a conspiracy charge is an agreement to commit a substantive offense." *McCullough*, 457 F.3d at 1162, citing *United States v. Johnson*, 977 F.2d 1360, 1371 (10th Cir. 1992). Of course, the defendant in this case is not charged with conspiracy but instead with two separate offenses of using an explosive to damage or destroy the BancFirst office building in Oklahoma City.

### 3. Conclusion

The defendant requests that the court dismiss one of the multiplicitous counts or in the alternative require the government to elect between the two counts before trial. The danger and prejudice to the defendant in allowing the case to proceed with multiplicitous

counts is that it "may falsely suggest to a jury that a defendant has committed not one but [two] crimes." *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997).  "Once the message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue, and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Id*. As a result, the defendant requests dismissal of either count 1 or 2 with prejudice before trial.

> Respectfully submitted,
>
> /s/ Vicki Zemp Behenna
> Vicki Zemp Behenna, OBA #10734
> MULINIX, GOERKE & MEYER, PLLC
> 210 Park Avenue, Suite 3030
> Oklahoma City, OK 73102-8005
> Telephone: 405-232-3800
> Facsimile:  405-232-8999
> Email:  vzb@lawokc.com
>
> *Attorney for Defendant,*
> *Jerry Drake Varnell*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

> /s/ Vicki Zemp Behenna
> Vicki Zemp Behenna