IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CR-17-239-D |
| | ) |
| JERRY DRAKE VARNELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Motion for Order to Utilize Juror Questionnaire [Doc. No. 111]. The United States has no objection but has requested that certain questions be revised [Doc. No. 141]. For the reasons set forth herein, Defendant's motion is DENIED.

**FACTUAL BACKGROUND**

Defendant is charged in a two-count superseding indictment with attempted use of an explosive device, in violation of 18 U.S.C. § 844(i), and attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a. [Doc. No. 121]. The United States alleges that Defendant attempted to damage and destroy the BancFirst office building in downtown Oklahoma City on or about August 11-12, 2017. *Id.* The case is set for trial on February 12, 2019.

**PROPOSED QUESTIONNAIRE**

Defendant has filed a motion to submit a questionnaire to prospective jurors. [Doc. No. 111]. The questionnaire [Doc. No. 111-1], which consists of 47 questions, covers an expanse of topics. Many of these topics are already covered by the standard voir dire

procedure used by this Court; however, a number of questions are not directly related to the issues in the case, are unduly intrusive, and unnecessarily invade the privacy of prospective jurors.

## ANALYSIS

Whether to allow written questionnaires to be submitted to prospective jurors in advance of trial, and the content of such questionnaires, falls within the wide discretion accorded to the trial court in conducting voir dire. *See Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991) ("our own cases have stressed the wide discretion granted to the trial court in conducting voir dire in the area of pretrial publicity"); *United States v. Lambinus*, 747 F.2d 592, 598 (10th Cir. 1984) (the trial court is vested with wide discretion in the conduct of voir dire).

"It is the trial court's responsibility to ensure that the voir dire is not an overly intrusive inquiry into the private affairs of prospective jurors for the purpose of obtaining personality profiles or molding 'the jury in a way that the jury will be receptive to counsel's case.'" *United States v. Serafini*, 57 F. Supp. 2d 108, 112 (M.D. Pa. 1999) (*quoting United States v. Padilla-Valenzuela*, 896 F. Supp. 968, 972 (D. Ariz. 1995)). "In performing this responsibility, the trial court must balance the right of the parties to engage in a meaningful inquiry against the prospective juror's right of privacy." *Serafini*, 57 F. Supp. 2d at 112. The prospective juror's right to privacy is not absolute; there must be some balance. *Id.*

An intrusion is warranted when a question is highly probative with respect to an issue in the case. *Id.* As the connection becomes attenuated, however, "the intrusion into the prospective juror's personal and private thoughts cannot be sanctioned." *Id.* When the

inquiry has no relevance to actual bias or whether a prospective juror can be impartial, it is beyond the scope of inquiry. *Id.* Although Defendant's expansive questionnaire includes highly relevant and probative questions, it also presents a host of questions that are improper.

To name a few, question number 14, which asks how often a prospective juror attends religious services, has no connection to actual bias or the ability to be fair. Similarly, question number 18, which asks whether a prospective juror has traveled outside the United States in the last 10 years and for what purpose, is irrelevant to the case. Question 24, which inquires whether a prospective juror has ever participated in a protest or rally, has no bearing on the issues in this case. Further, the questions pertaining to where the prospective juror was born, whether she or he immigrated to the United States, and what type of residence the prospective juror lives in are non-factors and inappropriate.

Although the identified questions are unduly invasive and violate a prospective juror's right to privacy, the Court would note that questions pertaining to pre-trial publicity, the 1995 Oklahoma City bombing, and mental health have some relevance and may be probative to the issues in this case, assuming they are narrowly drafted. Thus, the Court directs the parties, in lieu of the tendered questionnaire, to present proposed voir dire questions to the Court on these three subject areas.

## CONCLUSION

Accordingly, Defendant's Motion to Utilize Juror Questionnaire [Doc. No. 111] is DENIED. The parties may submit proposed voir dire questions to the Court on the three subject areas identified above. Further, the Court will allow time during jury selection for

the parties to consider the information provided by prospective jurors and thus effectively plan for their use of challenges.

**IT IS SO ORDERED** this 23rd day of January 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE