### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-239-D |
| ) | |
| JERRY DRAKE VARNELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Counts in the Indictment or in the Alternative Motion to have the United States Elect to Prosecute Defendant on Either Count One or Count Two due to Multiplicity of Counts [Doc. No. 194]. The United States has responded in opposition [Doc. No. 201]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant is charged in a two-count superseding indictment. [Doc. No. 121]. Count One alleges that Defendant attempted to damage the BancFirst office building in downtown Oklahoma City, Oklahoma, by means of an explosive device on or about August 11-12, 2017, in violation of 18 U.S.C. § 844(i).  *Id.*  Count Two alleges that Defendant attempted to use a weapon of mass destruction, namely a destructive device as defined in 18 U.S.C. § 921, against any person and property at the BancFirst office building, in violation of 18 U.S.C. § 2332a.  *Id.*

Defendant argues that the essential elements of Count One are the same as the essential elements of Count Two, and that Defendant faces the possibility of being

punished twice for the same conduct. Accordingly, Defendant asks the Court to dismiss one count or require the United States to elect whether to prosecute Defendant on Count One or Count Two. The United States asserts that the two counts charge separate offenses that require proof of a fact that the other does not. Alternatively, the United States contends that Defendant's requested relief is premature.

## DISCUSSION

Multiplicity is the charging of a single offense in separate counts. *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002); *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006). The danger is that the defendant will receive multiple punishments for a single offense. *Id.* Although multiplicity "is not fatal to an indictment, it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime." *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992) (internal citation omitted). The United States may present multiplicitous charges to the jury, but "multiplicitous sentences violate the Double Jeopardy Clause." *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012). Thus, where there are multiplicitous counts, the dismissal or merger of counts after trial but before sentencing is an adequate remedy. *Id.*

"The critical inquiry is whether Congress intended to punish each statutory violation separately." *Jeffers v. United States*, 432 U.S. 137, 155 (1977). First, the Court must examine the language of the statutes and their legislative history to discern whether Congress intended multiple convictions and sentences. *Morehead*, 959 F.2d at 1506. If the legislative intent is unclear, the Court must use the *Blockburger* test. *Id.* This test was

articulated by the Supreme Court as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932).

### 1.     Legislative Intent

Both statutory violations are included in Title 18 of the United States Code relating to "Crimes and Criminal Procedure." Section 844(i) falls under Chapter 40, "Importation, Manufacture, Distribution and Storage of Explosive Materials," while § 2332a falls under Chapter 113B, "Terrorism." Chapter 40 "was envisaged as anti-bombing … legislation." *United States v. Gelb*, 700 F.2d 875, 878 (2d Cir. 1983). The Act was passed in response to an increase in bombings in the late 1960s. *Id.* The purpose of § 844(i) "was to protect buildings [in interstate commerce] against the specific evil of bombing." *United States v. Gere*, 662 F.2d 1291, 1296 (9th Cir. 1981); *see also Russell v. United States,* 471 U.S. 858, 861, n. 8 (1985) ("this is a very broad provision covering substantially all business property").

Section 2332a(a)(2) "does not include any legislative findings concerning its purpose." *United States v. McVeigh*, 940 F. Supp. 1571, 1576 (D. Colo. 1996). However, committee reports before its enactment indicate that Congress was concerned about "the use and threatened use of weapons of mass destruction," their harm on national security and foreign relations, and their effect on the "tranquility of the United States." H.R. REP. NO. 102-405 (1991) (Conf. Rep.); *see also McVeigh*, 940 F. Supp. at 1577. Accordingly,

because the legislative intent is unclear, the Court will apply the *Blockburger* test.

### 2. Blockburger Test

Section 844(i) provides in relevant part: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years …." 18 U.S.C. § 844(i). There is no Tenth Circuit pattern jury instruction for a violation of § 844(i).

The Eleventh Circuit Pattern Jury Instruction O28 sets forth the following elements of the offense:

> It's a Federal crime to [attempt to] maliciously damage or destroy by fire or explosive any building, vehicle, or any other real or personal property used in interstate or foreign commerce or affecting interstate or foreign commerce.
>
> The Defendant can be found guilty of this crime only if all the following facts are proven beyond a reasonable doubt:
>
> (1) the Defendant [damaged] [destroyed] [attempted to damage or destroy] the [building] [vehicle] [other real or personal property] described in the indictment by means of [a fire] [an explosive];
>
> (2) the Defendant acted intentionally or with deliberate disregard of the likelihood that damage or injury would result from [his] [her] acts; and
>
> (3) the [building] [vehicle] [other real or personal property] that the Defendant [damaged] [destroyed] [attempted to damage or destroy] was used [in interstate or foreign commerce] [in activity affecting foreign or interstate commerce].
>
> "Interstate or foreign commerce" is trade and other business activity between people and entities located in different states or between people and entities located in the United States and outside of the United States. The

Government must prove that the property was actually used for a function that involved or affected interstate or foreign commerce.

This pattern instruction appears to be consistent with Tenth Circuit precedent.[1] *See, e.g., United States v. McVeigh*, 153 F.3d 1166, 1197 (10th Cir. 1998) ("One acts maliciously if he or she acts 'intentionally or with willful disregard of the likelihood that damage or injury will result.'") (internal citation omitted); *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998); *United States v. Tush*, 287 F.3d 1294, 1296 (10th Cir. 2002) ("In resolving whether a sufficient interstate commerce nexus exists, the proper inquiry 'is into the function of the building itself, and then a determination of whether that function affects interstate commerce.'") (*quoting Jones v. United States*, 529 U.S. 848, 854 (2000).

Section 2332a(a)(2) provides in relevant part: "A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction against any person or property within the United States, and such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce; or the offense, or the results of the offense, affect interstate or foreign commerce, or, in the case of a threat, attempt, or conspiracy, would have affected interstate or foreign commerce shall be imprisoned for any term of years or for life …." 18 U.S.C. § 2332a(a)(2)(B) and (D). There is no Tenth Circuit pattern jury instruction for a violation of § 2332a. The Eleventh Circuit has a pattern instruction for this offense, but it does not appear to be

---

[1] Fifth Circuit Pattern Jury Instruction No. 2.37 (2015 ed.) and Eighth Circuit Model Jury Instruction No. 6.18.844 provide similar instructions for the elements of 18 U.S.C. § 844(i).

entirely consistent with Tenth Circuit case law.[2]

In *United States v. McVeigh*, the Tenth Circuit held that the intent standard of "knowingly" applied to both elements of a § 2332a violation. *United States v. McVeigh*, 153 F.3d 1166, 1194 (10th Cir. 1998). The Tenth Circuit concluded "that § 2332a(a)(2) requires the government to prove that [Defendant] (1) knowingly used, or attempted or conspired to use, a weapon of mass destruction, and (2) knowingly did so against persons in the United States." *Id.* A "weapon of mass destruction" means any destructive device as defined in 18 U.S.C. § 921. *See* 18 U.S.C. § 2332a(c)(2)(A). The Tenth Circuit noted that the district court in instructing the jury on the term "knowingly" added the element of malice, which was not required by § 2332a, but that McVeigh was not prejudiced by the addition. *McVeigh*, 153 F.3d at 1196.

Applying the *Blockburger* test, the Court concludes that Counts One and Two are separate offenses. In *United States v. McVeigh*, both defendants moved to consolidate two counts of the indictment, arguing that the two counts charged the same conduct. *McVeigh*, 940 F. Supp. at 1582-1583. One count charged the defendants with using a weapon of mass destruction under § 2332a; another count charged the defendants with destruction of a building by explosives in violation of § 844(f). *Id.* at 1583. The defendants argued that the two counts were virtually identical, and that the latter crime was a lesser included

---

[2] *See* Eleventh Circuit Pattern Jury Instruction O90 (includes "without lawful authority" as an element of the offense); *compare United States v. Wise*, 221 F.3d 140, 150 (5th Cir. 2000) ("without lawful authority" is an affirmative defense rather than an essential element of § 2332a). The Tenth Circuit has not spoken on this issue; but "without lawful authority" is not listed as an essential element in *United States v. McVeigh*, 153 F.3d 1166, 1194 (10th Cir. 1998).

offense of the former. *Id.* The district court reviewed the factual and legal allegations in both counts and determined they were separate and distinct offenses with separate elements under *Blockburger*. *Id.* Specifically, the court found that a violation of § 2332a involved the use of a weapon of mass destruction *against persons*, whereas § 844(f) charged the malicious destruction, by an explosive, *of real and personal property*. *Id.* (emphasis added). "The intended targets [were] different …." *Id.*

The superseding indictment in this case charges Count Two (§ 2332a) in the conjunctive – attempted use a weapon of mass destruction "*against any person and property*." [Doc. No. 121]. Count One (§ 844(i)), on the other hand, alleges that Defendant "maliciously attempted to damage and destroy … *a building and real property*." *Id.* (emphasis added). The intended targets appear to be different: one is real property, the other includes any person.

Moreover, the two offenses require proof of different specific intent elements. Section 844(i) requires proof beyond a reasonable doubt that Defendant maliciously attempted to damage or destroy property. "Maliciously" means Defendant did the act "intentionally or with willful disregard of the likelihood that damage or injury would result." *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998) (defining the mens rea requirement for 18 U.S.C. § 844(i)); *McVeigh*, 940 F. Supp. at 1582 (a violation of § 844(f)[3] requires a finding of malice); *McVeigh*, 153 F.3d at 1197 ("to prove a violation of § 844(f)

---

[3] Section 844(f) like § 844(i) requires proof that a defendant maliciously attempted to damage or destroy real or personal property.

7

the government must show both a knowing use of the explosive and a malicious intent in doing so"). A violation of § 2332a, however, requires the United States to prove that Defendant knowingly attempted to use a weapon of mass destruction, and knowingly did so against any person or property. *McVeigh*, 153 F.3d at 1194. Malice is not required by § 2332a. *Id.* at 1196; *see also United States v. Bin Laden*, 91 F. Supp. 2d 600, 616 (S.D.N.Y. 2000) (charges under 18 U.S.C. § 844(f) and § 2332a were not multiplicitous).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Counts in the Indictment or in the Alternative Motion to have the United States Elect to Prosecute Defendant on Either Count One or Count Two due to Multiplicity of Counts [Doc. No. 194] is DENIED.

**IT IS SO ORDERED** this 1st day of February 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE