## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  17-CR-239-D |
| | ) | |
| JERRY DRAKE VARNELL, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, Jerry Drake Varnell, by and through his attorneys, Marna Franklin and Vicki Zemp Behenna, offers the following proposed jury instructions. The defendant also asks for leave to supplement and/or delete from the attached instructions after the close of evidence, if the evidence introduced at trial would require the proposal of different defense instructions.

Respectfully submitted,

/s/Marna Franklin
Marna Franklin, OBA 17148
Franklin Law Firm, P.C.
620 N. Robinson Avenue, Suite 203
Oklahoma City, OK  73102
Telephone:  405-239-2726
Facsimile:  405-605-2284
Email: mfranklin@demandproof.com

and
/s/ Vicki Zemp Behenna

1

Vicki Zemp Behenna, OBA #10734
MULINIX, GOERKE & MEYER, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102-8005
Telephone: 405-232-3800
Facsimile:  405-232-8999
Email:  vzb@lawokc.com

*Attorneys for Defendant,*
*Jerry Drake Varnell*

INSTRUCTION No._____

PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by Assistant United States Attorneys, Matt Dillion and Mark Stoneman. The defendant, Jerry Drake Varnell, is represented by his lawyers, Marna Franklin and Vicki Zemp Behenna.

The indictment charges the defendant with the attempted use of an Explosive Devise and the attempted use of a Weapon of Mass Destruction.  The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you.  Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant's lawyer may make an opening statement and present evidence, but he is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any

conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

 During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient, even if the trial seems to be moving slowly, because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all.  In addition, during the course of the trial, you should not talk about the trial with anyone else.  Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received.  Do not use the internet or any other form of electronic communication to provide any information.   Simply put, do not communicate with anyone about the trial until your verdict is received.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial, you will receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information or do any research on your own.  Do not attempt to visit any

places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun, you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Dillion, you may present the opening statement for the government.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.01.**

INSTRUCTION No._____

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.03**.

INSTRUCTION No._____

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.04.**

INSTRUCTION No. _____

## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—
## REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.05.**

INSTRUCTION No. _____

### EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.06.**

INSTRUCTION No. _____

## EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason, and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason, and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.07.**

INSTRUCTION No. _____

CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from

the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.08.**

INSTRUCTION No. _____

## TESTIFYING OR NON-TESTIFYING DEFENDANT

If a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  You should examine and evaluate a defendant's testimony just as you would the testimony of any witness.

However, a defendant has an absolute constitutional right not to testify.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.   That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt for the fact that a defendant does not take the witness stand and testify or call any witnesses.

The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that a defendant did not testify.  You must not draw and adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that a defendant did not testify.

**Authority:  Tenth Circuit Pattern Jury Instruction No. 1.08.1, Third Circuit Pattern Jury Instruction Nos. 4.27 & 4.28 (combined).**

INSTRUCTION No. _____

## EVIDENCE OF GOOD CHARACTER

The defendant has offered evidence of his reputation for good character. [The defendant has offered evidence of someone's opinion as to his good character.] You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.09.**

INSTRUCTION No. _____

## IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.10.**

INSTRUCTION No. _____

## IMPEACHMENT BY PRIOR CONVICTION
(Witness Other Than Defendant)

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction that was used to impeach a witness.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.12.**

INSTRUCTION No. _____

INFORMANT

In this trial you have heard testimony from Brent Elisens, who was an informant and agent of the FBI.  An informant is someone who provides evidence against someone else for a personal reason or advantage.  The testimony of an informant alone, if believed by the jury, may be sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence.

You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness.   You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, by monetary interest, or by prejudice against one or more of the defendants.

You should not convict any defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

Informant Brent Elisens provided evidence under agreements with the government and received money from the government in exchange for providing information.  Some people in this position are entirely truthful when testifying. Still, you, should consider the testimony of a paid informant with particular caution.

19

He may have had reason to make up stories or exaggerate what other did because he wanted to help himself.

**Authority:   Tenth Circuit Pattern Jury Instruction No. 1.14 (modified to include first sentence);  First Circuit Pattern Jury Instruction No. 2.08 (modified to include "Brent Elisens").**

INSTRUCTION No. _____

## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs. Brent Elisens may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.16.**

INSTRUCTION No. _____

## ON OR ABOUT

You will note that the indictment charges that the crime was committed on or about August 11 to August 12, 2017. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near August 11 to August 12, 2017.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.18.**

INSTRUCTION No._____

## VOLUNTARINESS OF STATEMENT BY DEFENDANT

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**Authority: Tenth Circuit Pattern Jury Instruction No. 1.25**

INSTRUCTION No._____

EXPERT WITNESSES

During the trial you heard the testimony of witnesses who expressed opinions concerning explosives.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.   A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.   Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**Authority:  Tenth Circuit Pattern Jury Instruction No. 1.17.**

INSTRUCTION No._____

CAUTIONARY INSTRUCTION DURING TRIAL

Transcript of Recorded Conversation

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.40.**

INSTRUCTION No. _____

## DUTY TO DELIBERATE - VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.

During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.23.**

INSTRUCTION No. _____

## ENTRAPMENT

The defendant contends that he was entrapped by government agents.  The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped.  The government must prove either:

1.    the defendant was predisposed to commit the crime before being contacted by government agents, or

2.    the defendant was not induced by the government agents to commit the crime.

When a person has no previous intent or purpose to violate the law, but is induced or persuaded by officers or agents to commit a crime, he is entrapped and the law, as a matter of policy, forbids his conviction in such a case. On the other hand, when a person already has the readiness and willingness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime and do so even by disguise or ruse, there is no entrapment.

In order to return a verdict of guilty as to Jerry Drake Varnell for the crime(s) of charged in the Indictment, you must find beyond a reasonable doubt that the defendant was not entrapped.

In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1.      whether the defendant demonstrated reluctance to commit the offense;

2.      whether the defendant engaged in similar prior illegal acts;

3.      whether government agents initially suggested the criminal activity;

4.      whether the defendant engaged in the criminal activity for profit; and

5.      the nature of the government's inducement or persuasion.

For purposes of this case, Brent Elisens, the informant, and "UCE aka The Professor", the undercover agent, were agents of the FBI.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.27 (modified); *United States v. Mohamud,* 941 F. Supp. 2d 1303, 1310 (D. Or., 2013); *United States v. Nguyen,* 413 F.3d 1170, 1178 (10th Cir. 2005); *United States v. Young,* 954 F.2d 614, 616 (10th Cir. 1992).**

INSTRUCTION No. _____

18 U.S.C. §844(i)

Section 844(i) of Title 18, which defendant Jerry Drake Varnell is charged with violating in Count 1, reads in relevant part as follows:

A person who maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive a

> -building, or other real property;
> -used in interstate or foreign commerce;
>        or
> -in any activity affecting interstate or foreign commerce . . .

shall be guilty of violating 18 U.S.C. §844(i).

**Authority:  18 U.S.C. §844(i).**

INSTRUCTION No. _____

ELEMENTS OF 18 U.S.C.§844(i)

To find the defendant, Jerry Drake Varnell, guilty of the crime charged in Count 1, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First:  that the defendant attempted to use an explosive to damage or destroy the BancFirst office building at 101 N. Broadway in Oklahoma City, Oklahoma;

Second:   that the property was used in or affected interstate or foreign commerce; and

Third: that the defendant acted maliciously.

**Authority:  *United States v. Tolliver,* 730 F.3d 1216, 1223 (10th Cir. 2013).**

INSTRUCTION No. _____
18 U.S.C. §2332a

Section 2332a of Title 18, which defendant Jerry Drake Varnell is charged with violating in Count 2, reads in relevant part as follows:

(a)   A person who, without lawful authority, uses, or attempts to use, a weapon of mass destruction—

(2) Against any person or property within the United States, and

(B) such property is used in interstate or foreign commerce or in an activity that affects interstate of foreign commerce; or

(D) the offense, or the results of the offense, affect interstate or foreign commerce, . . .

shall be guilty of violating 18 U.S.C. §2332a.

**Authority:  18 U.S.C. §2332a.**

INSTRUCTION No. _____

Elements of 18 U.S.C. §2332a

To find the defendant, Jerry Drake Varnell, guilty of the crime charged in Count 2, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First:  that the defendant knowingly used, or attempted to use a weapon of mass destruction;

Second:  against property within the United States, specifically, the BancFirst office building at 101 N. Broadway, Oklahoma City, Oklahoma; and

Third:  the BancFirst office building was used in interstate or foreign commerce or was engaged in an activity that affected interstate and foreign commerce, or the results of the offense would have affected interstate or foreign commerce.

**Authority:  18 U.S.C. §2332a(a)(2); *United States v. McVeigh,* 153 F.3d. 1166, 1194 (10th Cir. 1998).**

INSTRUCTION No. _____

ATTEMPT

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime. However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.32.**

INSTRUCTION No. _____

## KNOWINGLY—DELIBERATE IGNORANCE

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of [the fact in question], unless the defendant did not actually believe [the fact in question].

**Authority:  Tenth Circuit Pattern Jury Instruction 1.37.**

INSTRUCTION No. _____

FIRST AMENDMENT

The First Amendment does not permit the government to criminalize speech advocating the use of force unless that speech is (1) intended to incite or produce imminent lawless action; and (2) is likely to incite or produce such action.  Unless the government proves that a particular defendant's speech was intended to incite and produce imminent lawless action, and was likely to incite or produce such action, you must find that defendant not guilty.

**Authority:**
**U.S. Const. amend. I; *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *United States v. Lee*, 6 F.3d 1297 (8th Cir. 1993) (Reversing § 241 conviction because jury was not instructed that "under *Brandenburg*, section 241 may be applied to Lee's prosecution as long as it is limited to punishing expression directed to inciting or producing imminent lawless action and is likely to incite or produce such action.").**

INSTRUCTION No._____

INTERSTATE AND FOREIGN COMMERCE— DEFINED 18 U.S.C. § 10

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

**Authority:  Tenth Circuit Pattern Jury Instruction 1.39**

INSTRUCTION No. _____

INTERSTATE AND FOREIGN COMMERCE— EFFECT ON 18 U.S.C. § 10

If you decide that there was any effect at all on interstate or foreign commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate or foreign commerce.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.39.1**

INSTRUCTION No. _____

WEAPON OF MASS DESTRUCTION

The term "weapon of mass destruction" means a destructive device.   A destructive device, for purposes of this case, includes any explosive or incendiary bomb; or any combination of parts either designed or intended for use in converting any device into any destructive device described above and from which a destructive device may be readily assembled.

**Authority:  18 U.S.C. 2332a(c)(2) and 18 U.S.C. 921(4).**

INSTRUCTION No. _____

COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to my law clerk, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

**Authority:  Tenth Circuit Pattern Jury Instruction 1.44.**

40

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the all ECF registrants including:

Matt Dillion and Mark Stoneman, Assistant U.S. Attorneys

s/Marna Franklin
Marna Franklin
