# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| -vs-      ) | No. CR-17-239-D |
| ) | |
| JERRY DRAKE VARNELL,      ) | |
| ) | |
| Defendant.      ) | |

## GOVERNMENT'S OBJECTIONS TO
## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by Mark R. Stoneman and Matt Dillon, Assistant United States Attorneys, notes the below objections to the Defendant's Proposed Jury Instructions (Doc. 211).

The government objects to Mr. Varnell's proposed jury instruction regarding testifying or non-testifying defendants. (Doc. 211 at 15). The government submits that the Tenth Circuit Pattern Jury Instruction 1.08.1 is sufficient in the event Mr. Varnell does not testify. The combination of that with two Third Circuit instructions is unnecessarily verbose and may confuse the jury.

The government objects to Mr. Varnell's proposed jury instruction regarding informants (Doc. 211 at 19). The government objects to the inclusion of the language from the First Circuit regarding why a particular witness provided evidence. What a witness' particular motives were or what the arrangement (if any) existed between the witness and the government are questions of fact for the jury to decide. Additionally, since the

government anticipates Mr. Varnell will raise an entrapment defense, a blanket statement in the instruction that the witness "was an informant and an agent of the FBI" may cause unnecessary confusion for the jury. The government anticipates the jury will find that the witness eventually became an informant. However, the government anticipates large portions of the witness' testimony will relate to events that occurred prior to him contacting the government about Mr. Varnell—a time during which his actions cannot legally be imputed to the government for purposes of entrapment. For those reasons, the government requests the instruction include the dates during which the witness was an informant. In the alternative, the government requests the Tenth Circuit pattern jury instruction 1.14 be given with no mention of any particular witness.

The government objects to Mr. Varnell's proposed jury instruction regarding witness' use of addictive drugs. (Doc. 211 at 21). In the event the Court gives this instruction regarding the witness proposed by Mr. Varnell, the government would ask that any other witness (including the defendant) also be named if the evidence indicates he or she abused drugs.

The government objects to Mr. Varnell's proposed jury instruction regarding transcript of recorded conversation. (Doc. 211 at 25). Defense counsel has indicated their intent on using various transcripts that both parties agree have numerous inaccuracies. Unless Mr. Varnell's proposed instruction anticipates accurate transcripts which the government has yet to see, the government objects to their use, and therefore objects to the proposed instruction.

The government objects to Mr. Varnell's proposed jury instruction regarding entrapment. (Doc. 211 at 28). One of the witnesses will testify about his interactions with Mr. Varnell prior to the witness becoming an agent of the government. To the extent the jury instruction identifies the witness as an agent, the instruction should limit the time frame during which the jury may consider his conduct as government conduct for purposes of entrapment. In other words, the witness's actions prior to becoming an informant and after he ceased being an informant cannot legally be imputed to the government for purposes of entrapment. The jury should be instructed as such. Further, the defense should be prohibited from arguing to the contrary. Additionally, the list of factors the jury may consider should not be included. If the court decides to utilize the non-uniform instruction, the government requests that the jury be instructed that the list is non-exhaustive. The government acknowledges that the 10th Circuit Pattern Instruction states "when a person has the readiness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime…," however the government does not believe that this is a complete statement of law. An individual is not entrapped when agents merely provide him with an opportunity or *means/facilities* to commit the crime. *Jacobson v. United States*, 503 U.S. 540, 548 (1992); *United States v. Cecil*, 96 F.3d 1344, 1347 (10th Cir. 1996); *United States v. Mayfield*, 771 F.3d 417, 436 (7th Cir. 2014). The defendant has previously pointed to the fact that the government provided that means or material for the explosive device. This, by itself, is not improper conduct and the instruction as written does not explain this fact. Furthermore, "readiness and willingness" should be further explained to the jury that, "predisposition exists if the defendant has an inclination to

engage in the illegal activity for which he has been charged, *i.e.* that he is ready and willing to commit the crime." *United States v. Ford*, 550 F.3d 975, 982 (10th Cir. 2008) (internal quotations and citations omitted).

The government objects to Mr. Varnell's proposed jury instruction regarding the First Amendment. (Doc. 211 at 36). Mr. Varnell is not charged with a crime involving restricted speech as the defendants in the cases he cites in support of this instruction. The proposed jury instruction is inappropriate and confusing.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant United States Attorney

s/ Mark R. Stoneman
MARK R. STONEMAN
Assistant U.S. Attorney (OBA 22730)
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8782 (Office)
(405) 553-8888 (Fax)
Mark.Stoneman@usdoj.gov

s/ Matt Dillon
MATT DILLON
Assistant U.S. Attorney (OBA 19321)
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8755 (Office)
(405) 553-8888 (Fax)
matthew.dillon@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 7, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Marna Franklin and Vicki Behenna, attorneys for Mr. Varnell

             <u>s/ MARK R. STONEMAN</u>
             Assistant U.S. Attorney